| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

United States District Court
Southern District of Texas
**ENTERED**
November 03, 2015
David J. Bradley, Clerk

Heather Timms, §
§
      Plaintiff, §
§
versus §      Civil Action H-15-0311
§
LZM, LLC, §
doing business as J.D. Byrider, et al., §
§
      Defendants. §

## Opinion Striking Complaint and Awarding Costs and Fees

1. In 2014, Heather Timms worked as an underwriter at a used car dealership, LZM, LLC, doing business as J.D. Byrider. She says that she routinely worked more than forty hours per week but was not paid for her overtime hours. She also says that her manager, Randolph Daniels-Kolin, fired her because she complained about her wages. On February 4, 2015, she sued J.D. Byrider and Daniels-Kolin for violating the Fair Labor Standards Act. On September 3, 2015, after months of discovery, the court allowed her to amend her complaint to assert only a claim for improper compensation.

2. On May 12, 2015, the defendants first noticed that Timms had not produced any of the text messages she had exchanged with her former supervisors or co-workers; they asked her to produce them. This date marks the beginning of her end – the cusp of her self-inflicted downfall. At first, Timms said that her telephone service carrier would only produce the messages if commanded by subpoena. Next, she said that her telephone had crashed and all the messages were forever lost. On March 24, 2015, the defendants paid a forensic examiner to compile the messages exchanged between Timms and her supervisor, Masoundrick Jack, from Jack's phone. On May 15, 2015, Timms received a copy of the report.

On August 4, 2015, Timms was deposed. She said that the report from Jack's telephone was incomplete and that she had access to all of the messages that they had exchanged. She said that she could access the messages from a telephone application that stored the messages on a remote server but that the original phone that received the messages had crashed and was destroyed when she dropped it in water. She agreed to produce the messages. On August 26, 2015, Timms produced the content of approximately twenty-four messages. She did not produce the complete set of messages to which she had access. Significantly, she did not even produce the messages that she explicitly told the defendant were in her possession.

On August 28, 2015, the defendants moved for a forensic examination of Timms's phone. Timms said that, because after the motion was filed she amended her complaint to exclude the retaliation claim, an examination would be unduly burdensome and would not likely lead to discoverable evidence. The court ordered Timms to turnover her phone.

3. On September 28, 2015, Pathway Forensics LLC, examined her phone. This examination uncovered:

      A.    On September 25, 2015, Timms's had reset the phone to the factory settings;

      B.    All the text messages on it had been deleted, including several messages sent just minutes before Pathway got it;

      C.    No forensic evidence showed that Cheetah Mobile Cloud application had been installed on the device; and

      D.    It was still in its original packaging.

4. On the defendants motion, on October 5, 2015, the court set a show cause hearing demanding Timms to appear and explain why it should not strike her amended

complaint. Instead of responding to the defendants' motions, she chose to file her own motion for sanctions.

5. Timms testimony and arguments lacked consistency, cohesiveness, candor, and a rational explanation why she could not or did not produce the text messages. At best she had flimsy excuses such as her inability to produce the messages was a practical misunderstanding of the technology she chooses to employ. She also suggested that the defendants should pay for their own expert to retrieve the messages – the messages she had previously claimed to be in her possession.

She is the plaintiff and she alone shoulders the burden of producing the discovery she is ordered to produce by the court. The evidence shows that the messages were on her cellular phone after her deposition because she had recent "screenshots" of some of the messages in court. She actively chose to re-set her cellular phone and to delete text messages stored on it and accessible, at the least, through storage applications. It is telling that she decided to delete the unrelated text messages sent moments before she knew she had to turn over her phone.

6. Timms says that because she amended her complaint to include a claim only for the unpaid compensation that any text messages that could have possibly been produced would not have been relevant to the claim before the court. An objective review of them would settle her judgment on relevance. Simultaneously, she moves the court to sanction the defendant for misrepresenting the content of those same text messages.



7. Advancing her claims through subterfuge - rather than straightforwardness – is unacceptable. The court may assess sanctions for a violation of a discovery order or pursuant to the court's inherent power to protect the integrity of the court and prevent abuses to the judicial process. Because Timms willfully, wontonly, and repeatedly violated the court's orders, the court will strike her amended complaint and costs and fees will be awarded to the defendants.

Signed on November 2, 2015, at Houston, Texas.

Lynn N. Hughes
United States District Judge